IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> PETER MARKUS KUTTKE, <br><br> Defendant. | Case No. 1:24-CR-245 |

### PROTECTIVE ORDER

Upon the parties' Joint Motion for Entry of a Protective Order to impose certain restrictions on defense counsel's use and disclosure of certain documents, electronic records, and other materials produced by the United States to the defendant pursuant to its discovery obligations in this case, it is hereby

ORDERED that the term "Protected Information" refers to materials that contain sensitive and personal identifying information of the defendant, witnesses, and other individuals in this case, including but not limited to: data extractions from electronic devices, including images and videos of minors; law enforcement investigative reports; business records, such as those provided by internet service providers; and materials obtained pursuant to grand jury subpoena; it is further

ORDERED that the Protected Information shall be subject to the following protective measures:

1. The government shall disclose the Protected Information to the defendant's attorney of record, who will be responsible for safeguarding the Protected Information[1];

2. Where Protected Information is produced electronically, only the external media (and not the individual electronic files) must be labeled "PROTECTED INFORMATION".

---

[1] In the case of property or material constituting child pornography, these items will be made available for review at a mutually convenient time at a government facility.

1

3. Access to the Protected Information shall be restricted to the defendant (as detailed below), the defendant's attorney of record in this case, and any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), mitigation specialist(s), or expert(s) working as part of the defense team on this case and for the purpose of preparing to defend the defendant against the charges filed in this case, including using the Protected Information at trial or any other hearings in this matter with permission from the Court;

4. The defendant's attorney of record may make copies/reproductions of the Protected Information for disclosure to any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), mitigation specialist(s), or expert(s) working as part of the defense team on this case and for the purpose of preparing to defend the defendant against the charges filed in this case. However, no such disclosure of the Protected Information or copies thereof may be made unless and until the attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case reads this Protective Order and agrees to be bound by its terms;

5. The defendant's attorney of record shall securely store the Protected Information (and any copies thereof) in her law office or home office at all times, subject to the exceptions listed herein. The Protected Information (and any copies thereof) may also be stored in the business offices or home offices (or, if secured by password-protection and/or other encryption, cloud storage) of any personnel allowed to review the Protected Information under the terms of this Protective Order. The Protected Information shall not be stored or maintained in any other locations. Accordingly, with the exceptions of (i) transporting the Protected Information to their offices upon initial receipt; (ii) transporting the Protected Information between the law offices and the home offices of the defendant's attorney of record; (iii) transporting the Protected Information to and from the courthouse for any court proceedings in the above-captioned case or to and from the jail to permit the defendant to review the Protected Information; (iv) transporting the Protected Information for professional purposes related to the defense of the case; and (iv) transporting the Protected Information to the U.S. Attorney's Office after the trial and any appeal in this matter are concluded, the defendant's attorney of record and any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case shall not remove the Protected Information (or any part thereof) from their respective offices;

6. The defendant's attorney of record shall not discuss or disclose the substance of the Protected Information with any persons other than her client, and any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case and shall not post such information to any social media or internet site, including the Court's public-filing system;

7. The defendant's attorney of record may permit her client to review the Protected Information only while in the presence of the defendant's attorney, or any attorney(s), paralegal(s)/legal assistant(s), law clerk(s), investigator(s), or expert(s) working as part of the defense team on this case. The defendant's attorney of record shall not permit her

client to review the Protected Information without said supervision, and she shall not permit her client to copy or memorialize the Protected Information during any such review, nor shall she permit her client to retain or store any of the Protected Information (or any copies thereof) following any such review;

8. The defendant's attorney of record shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order;

9. Nothing in this Order shall restrict use by the defendant's attorney of record of Protected Information during the defendant's investigation of the allegations and preparation of the defense or introduction as evidence at trial;

10. Prior to the disclosure of any Protected Information to a person not identified in Paragraph 3 of this Order, the defendant's attorney of record must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*; and

11. Upon conclusion of this action, and consistent with the ethical responsibilities of defense counsel, the defendant's attorney of record shall return to government counsel, or destroy and certify the destruction of, all Protected Information within a reasonable period of time, not to exceed thirty days after the last appeal is final.

SO ORDERED:

Date: November 20, 2024
Alexandria, Virginia

/s/ Rossie D. Alston, Jr.
The Honorable Rossie D. Alston, Jr.
United States District Judge
EDVA

3