IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:24-cr-245 (RDA) |
| | ) | |
| PETER MARKUS KUTTKE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

With respect to the jury trial in this case set for January 21, 2025 to January 22, 2025, the Court ORDERS as follows:

I. Preliminary Matters:

On **Tuesday, January 21**, **2025,** the trial will convene at 9:00 a.m. The trial will begin with jury selection at that time. The trial will take place in Courtroom 1000.

In the event that Defendant and his counsel need to engage in confidential communications, the Court will employ white noise.

In addition, if exhibits are to be provided to witnesses or the jury, counsel are instructed to submit all exhibits in advance. During trial, no exhibits will physically be given to the jury, but the Court will permit exhibits to be published to the jury electronically. And as the jury deliberates, admitted exhibits will either be provided electronically or in previously prepared binders.

II. Technology in Court:

The Court permits electronic devices to be used to aid in the presentation of the evidence at trial with the Court's prior authorization.

In order to use the Court's evidence presentation system, the parties must also obtain the Court's authorization prior to trial.

The parties must submit the requisite forms via CM/ECF no later than one week prior to trial, which is **January 14, 2025**. Those are available here: https://www.vaeb.uscourts.gov/sites/vaeb/files/ElecDeviceRequestForm.pdf.

The parties are advised to bring the approved form(s) to the Courthouse on the dates requested and to present it to the Court Security Officers (CSOs) at the entrance of

the Courthouse.

Orientation prior to any use of the evidence presentation system is required. Once the parties have obtained the Court's approval to use the evidence presentation system, please email the Court Technology Administrator at courtroom_tech@vaed.uscourts.gov to schedule an orientation. Please include the anticipated date(s) of orientation on the electronic authorization form submitted to the Court. Orientations are solely for the purpose of learning how to use the evidence presentation system and testing the attorney's laptop computer connections.

III. Pretrial Motions and Final Pretrial Conference

Due to the holiday season, the Court will set an extended briefing schedule. Any pretrial motions, other than motions *in limine*, shall be due, **Wednesday, December 11, 2024**. Responses to motions shall be due **Monday, December 30, 2024**. Replies shall be due **Wednesday, January 8, 2025**. The Court will hold a pretrial motions hearing on **Wednesday, January 15, 2025** at 11:00 a.m. in Courtroom 1000.

Any motions *in limine* shall be due **Friday, December 13, 2024**. Responses to any motions *in limine* shall be due **Friday, January 3, 2025**. Replies shall be due **Friday, January 10, 2025**. The Court will hear argument on any motions *in limine* on **Wednesday, January 15, 2025** at 11:00 a.m. in Courtroom 1000.

The Court will, if necessary, hold a pretrial conference for the purpose of excusing prospective jurors from service on **Wednesday, January 15, 2025 at 11:00 a.m**. in Courtroom 1000.

IV. Jury Questionnaire

To reduce the likelihood of requiring an in-person visit to our Courthouse for a juror whose service may be deferred to a later date based on current circumstances, the Court will send a questionnaire to all prospective jurors that the parties and the Court will use to excuse jurors without their physical presence. To prepare a questionnaire for this case, the Court hereby DIRECTS the Clerk to file the attached sample questionnaire as an entry on the docket. The Court hereby ORDERS that not later than **5:00 p.m. on November 22, 2024** the parties file any specific objections to the questions in the sample questionnaire, where necessary. Each party shall have until **12:00 noon on November 25, 2024** to file any necessary objections to the other party's proposed questions. Should any proposed questions be filed, the Court will rule on any objections in issuing a final questionnaire to be sent to the panel of prospective jurors. **Please be reminded that this preliminary jury questionnaire is not exhaustive of the entire *voir dire* process. The questionnaire is simply a mechanism to allow counsel to participate in the excusal process, which the trial judge traditionally exercises independently. Again, the purpose of the jury questionnaire is simply to reduce the likelihood of requiring an in-person visit to our Courthouse for a juror whose service may be deferred to a later date based on current circumstances. The Court will conduct *voir dire* at the outset**

**of the trial as described below.**

After the Court receives the responses to the jury questionnaires, copies of the responses will be provided to counsel as they are received by the Court. The Court will hold its final pretrial conference on **Wednesday, January 15, 2025 at 11:00 a.m**. in Courtroom 1000 where jurors will be identified and may be excused from service.

**The parties shall meet and confer before the January 15, 2025 pretrial conference** to determine whether the parties can agree on which prospective jurors can be excused based solely upon their responses to the questionnaires. Not later than **5:00 p.m. on January 13, 2025**, the parties shall file a joint statement setting forth which prospective jurors the parties agree should be excused based on their responses to the questionnaire. For the prospective jurors about which the parties disagree, the parties shall identify which prospective jurors Defendant moves to excuse and which prospective jurors the Government moves to excuse. The joint statement shall identify prospective jurors by juror number only. At the pretrial conference scheduled for **January 15, 2025,** the Court will address which jurors will be excused based upon their responses to the questionnaire. Any prospective juror excused at the **January 15, 2025** pretrial conference will not be required to appear for jury selection on January 21, 2025.

V.  *Voir Dire*:

Jury selection on January 21, 2025, will proceed as follows. The Court will summon a total of 48 individuals to the Albert V. Bryan Courthouse on January 21, 2025. The Clerk shall provide the parties with a list of the jurors summoned no later than **January 16, 2025**.

The Court will conduct *voir dire*. As each stage of *voir dire* proceeds, the Court will strike jurors for cause, if necessary. The individuals who are so stricken for cause will be excused.

After the Court has conducted *voir dire* of the entire *venire*, the Court will allow the parties to exercise their peremptory strikes. The individuals who are subject to the parties' peremptory strikes will also be excused. Given that are three Defendants in this trial, the Government will be allotted a total of eight (8) peremptory challenges and Defendants will be allotted twelve (14) peremptory challenges as to prospective jurors. *See* FED. R. CRIM. P. 24(b) ("The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly.").

At this time, the Court will select 16 individuals at random. Twelve of those 16 individuals will be identified as jurors for the trial. Four of the 16 individuals will be identified as potential alternates. Each party will be permitted to peremptorily strike one of the four potential alternates. FED. R. CRIM. P. 24(c)(4)(A). The remaining two alternates will be identified as the official alternates for the trial. The

3

parties are reminded that absolutely no back-striking is permitted. Stated another way, once a prospective juror is seated and is not stricken after the parties exercise their peremptory challenges, those individuals have become members of the jury and cannot be stricken.

Jurors who are stricken will be excused immediately so that they may exit the Albert V. Bryan Courthouse. After those members of the *venire* who have been peremptorily struck have been excused, the remaining members of the *venire* will remain in the courtroom. The following is a chart of the projected *voir dire* schedule.

| 9:00 am  | *Voir Dire* and Strikes for Cause |
|----------|-----------------------------------|
| 11:15 am | Parties Exercise Peremptory Strikes and Jury is Selected |

Further, the parties are directed to submit proposed *voir dire* questions via CM/ECF by **January 15, 2025.** The parties shall provide electronic versions of the file in Microsoft Word format. The parties may e-mail the electronic files to my law clerk (tiana_woods@vaed.uscourts.gov).

VI.  Jury Instructions:

The parties shall exchange proposed jury instructions by **January 9, 2025**. Thereafter, the parties must meet and confer on those instructions in order to reach agreement on as many jury instructions as possible.

The Government is directed to letter its proposed jury instructions (i.e., A; B; C) and Defendant is directed to number his proposed jury instructions (i.e., 1; 2; 3).

By **January 16, 2025**, the parties shall jointly submit to the Court a set of agreed-upon jury instructions. At that time, the parties must also submit to the Court a set of proposed jury instructions that are disputed. For disputed instructions, the parties are permitted to file a brief containing the stated objections and argument supporting alternative instructions. These briefs are not to exceed five (5) pages.

For all submitted jury instructions, copies with and without citations shall be submitted. The parties are directed to provide electronic versions of each in Microsoft Word format. The parties may e-mail the electronic files to my law clerk (tiana_woods@vaed.uscourts.gov).

As the trial commences, the parties may submit supplemental proposed instructions or withdraw previously proposed instructions based on the evidence and rulings in the case.

The Court will instruct the jury prior to closing arguments and provide copies of the final set of jury instructions to the parties and to the jury for its use during deliberations.

VII. Jury Deliberations:

The jury will deliberate in an appropriate location and jurors will also be assigned seats in the deliberation room.

Each day, the Court will instruct jurors as to when they must return from their lunch break. The Court hereby authorizes the purchase of lunch for jurors on Wednesday, **January 22, 2025**, and any subsequent jury deliberation day in this case. The Court DIRECTS the Jury Section and Clerk of the Court to make necessary arrangements consistent with this Order.

VIII. Verdict Form:

The parties are directed to prepare, review, and submit a proposed verdict form via CM/ECF at or before the conclusion of the Government's case. The parties are also directed to submit an electronic file of the same in Microsoft Word format. If the parties cannot agree, each party should submit its own proposed verdict form in the same manner as described.

IX. Witness and Exhibit Lists:

No later than seven days prior to trial, on or before **January 14, 2025**, the Government shall file with the Clerk's Office all trial exhibits to be used in the Government's case-in-chief, an exhibit list, and a witness list, with copies to Chambers. Defendant is encouraged, but not required, to do the same. The parties shall have pre-marked for use at trial all exhibits they intend to use with sufficient copies for opposing counsel and the Court.

In the event the parties anticipate significant unresolved issues, other than those that are or will be the subject of motions, please alert the Court as soon as possible by contacting my law clerk via e-mail, tiana_woods@vaed.uscourts.gov, or phone, 703-299-2191.

The Clerk is directed to forward copies of this Order to all the parties of record.

It is SO ORDERED.

Alexandria, Virginia
November 20, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge