IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 1:24-cr-245 |
| v. | ) | |
| | ) | Hon. Rossie D. Alston, Jr. |
| PETER MARKUS KUTTKE, | ) | |
| | ) | Motion Hr'g: Jan. 15, 2025 |
| Defendant. | ) | |

## MOTION FOR BILL OF PARTICULARS

Peter Markus Kuttke, through undersigned counsel, and pursuant to Federal Rules of Criminal Procedure 7, respectfully moves this Court to require the United States to provide a bill of particulars related to the single count indictment charging him with receipt of child pornography – namely, identifying the date(s) on which child pornography was received – such that Mr. Kuttke has sufficient clarity as to the exact crime he must be prepared to defend himself against.

### I.  Background

On November 7, 2024, a grand jury issued a single indictment against Mr. Kuttke.  The indictment alleges:

> *On or about and between March 9, 2014 and December 1, 2023*, in the Eastern District of Virginia, the defendant, PETER MARKUS KUTTKE, did knowingly receive and attempt to receive any visual depiction, using a means and facility of interstate and foreign commerce. and which visual depiction(s) had been transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depiction(s) involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct.  (emphasis added)

ECF No. 1.

On November 20, 2024, the Court scheduled this matter for trial on January 21, 2025. The Court also set a pretrial motions deadline of December 11, 2024, and a hearing date of January 15, 2025.

Mr. Kuttke submits that the offense date range contained in the indictment is impermissibly broad, and he is entitled to more specificity so that he may prepare for trial and minimize the danger of surprise.

## II.   Argument

Federal Rule of Criminal Procedure 7(f) instructs that "[t]he court may direct the government to file a bill of particulars." A bill of particulars "identifies for the defendant the area within which the government's chief evidence will fall." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). It is used to provide essential information that may have been omitted from the indictment. *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973). It is also designed to permit a defendant to effectively prepare a defense and avoid unfair surprise at trial. *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973).

Whether to require a bill of particulars is a matter within the sound discretion of the trial court. *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985). "The test in ruling on such a motion is whether deprivation of the information sought will render the defendant subject to unfair surprise." *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) (citing *Fletcher*, 74 F.3d at 53). A critical factor, however, is whether the indictment generically charges a statute and is otherwise lacking in sufficient clarifying detail. *See, e.g., United States v. Chandler*, 753 F.2d

360, 362 (4th Cir. 1985) (noting that "[c]harging the generic offense may have created some ambiguity as to what facts the government might seek to prove at trial. . . . The defendants' remedy therefore was to seek a bill of particulars to clarify the specific factual theory (or theories) upon which the government was proceeding") (citing *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972), and *United States v. Previti*, 644 F.2d 318 (4th Cir. 1981)).  The indictment must contain sufficiently specific facts to provide the defendant "with reasonable certainty[] of the nature of the accusation against him" so that he knows "what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 764-65 (1962).  Because the right to a bill of particulars is founded on the Sixth Amendment right to defend against criminal charges, doubt must be resolved in favor of disclosure.

Here, with respect to the specific count charged, the government has done little more than recite language derived from the charged statute.  The single count indictment includes an offense date range that spans nearly a decade, thus minimal light is shed on the specific allegation.  As such, this lack of specificity makes it nearly impossible for Mr. Kuttke to determine if he may have defenses to the charged offense.

Unless the government identifies the information lacking from the indictment as delineated above, Mr. Kuttke may be subject to unfair surprise at trial because he will not know until trial "the specific acts of which he is accused." *United States v. Doan*, 184 F. Supp. 3d 271, 283 (E.D. Va. 2016) (Ellis, J.) (quotation omitted).

3

## II.     Conclusion

Accordingly, for the foregoing reasons, Mr. Kuttke respectfully requests that the Court grant this Motion and order the Government to provide a bill of particulars that specifically details the information requested herein.

Respectfully submitted,

PETER MARKUS KUTTKE

By Counsel,
Geremy C. Kamens
Federal Public Defender

By: /s/
Brooke S. Rupert, 79729
Counsel for Mr. Kuttke
1650 King Street, Suite 500
Alexandria, VA   22314
703-600-0849 (tel)
703-600-0880 (fax)
Brooke_Rupert@fd.org

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 11, 2024, I filed the foregoing via the CM/ECF system, which will electronically serve a copy upon counsel of record.

      /s/
Brooke S. Rupert, 79729
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA   22314
703-600-0849 (tel)
703-600-0880 (fax)
Brooke_Rupert@fd.org