**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 1:24-cr-245 |
| v. | The Honorable Rossie D. Alston, Jr. |
| PETER KUTTKE, | Trial Date: Jan. 21, 2025 |
| *Defendant.* | |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE AND LIMIT CERTAIN
ARGUMENTS, LINES OF QUESTIONING, AND EVIDENCE AT TRIAL**

The United States of America, by and through the undersigned, respectfully moves this Court *in limine* for an order excluding arguments, lines of questioning, and evidence at trial relating to the following: (1) specific-instance character evidence regarding the Defendant, (2) the Defendant's lack of criminal history, (3) the Defendant's present health, (4) the potential penalty or punishment the Defendant will face if convicted and (5) exclude witnesses.

**FACTUAL BACKGROUND**

The defendant, Peter Markus Kuttke, is a German citizen working as a contractor for the German Armed Forces as an IT worker.

**A. The Investigation**

On June 3, 2023, HSI Taskforce Officer Special Agent Cook used a BitTorrent application to conduct an undercover investigation into the Internet distribution and possession of child pornography. During this investigation, a device sharing suspected child pornography was located on the BitTorrent file sharing network. Special Agent Cook made a direct connection to the device assigned the IP address 69.255.22.1 and downloaded files associated with the torrent infohash:

"02c1adeaab13784fc1324d887d959c893be17932." The main file folder located within this torrent was named "new4." The folder contained ten completed individual files at the time of download. The agent reviewed the ten video files that were downloaded from the IP address. The following is a representative sample and description of a few of the video files that were downloaded:

a. File Name: Paradisebirds Casey - for Graham Greene 9m39s 12yo_PC.avi

File Description: This video is approximately nine minutes and thirty-nine seconds (9:39) in length and depicts a fully nude minor female subject laying on her back with legs over her head exposing her genitals. There is an unknown individual hitting the minor female victim's buttocks and genitals with what appears to be a leather belt. The image is closely zoomed in on the minor victim's torso and pubic area, exposing her vulva to the camera. The minor victim is biting down on a white piece of fabric as she is being hit. After the beating stops, the minor victim starts performing oral sex on a foreign object. The minor victim then starts rubbing on her breasts and genitals with her hands while the camera zooms in on her genitalia. The minor female in the video has slight hip and breast development with no pubic hair present. Based on these characteristics, the minor female appears to be pubescent.

b. File Name: Little Brunette.avi

File Description: This video is approximately four minutes and forty seconds (4:40) in length and depicts a minor female wearing a black tank top and red pants. The minor female victim removes all her clothes and stands fully nude in front of the camera. The minor victim then sits on a chair exposing her breasts and genitals. The camera is closely zoomed in on the minor victim's pubic area, exposing her vulva to the camera. The minor victim has little breast development and

some pubic hair on her genitals. Based on these characteristics, the minor victim appears to be pubescent in age.

      c.      File Name: Siberian_Mouse_Anna_Bating.avi

File Description: This video is approximately six minutes and thirty-five seconds (6:35) in length and depicts a fully nude minor female victim laying on her back on a couch with her legs wide open exposing her genitals. The camera is closely zoomed in on the minor victim's pubic area, exposing a close-up of her vulva to the camera. The minor victim is rubbing on her genitals with her hands. Based on her small stature, lack of breast development, and lack of pubic hair, the minor female appears to be prepubescent.

### B. The Search Warrant

A federal search warrant was obtained for the location assigned to the IP address, which was Kuttke's apartment. On December 1, 2023, a federal search warrant executed. Kuttke was home alone. Multiple electronic devices were found running sophisticated operating systems such as Linnux.

Kuttke was interviewed outside of his house in a mobile location. Kuttke was told he was free to leave and not under arrest. He opted to speak with agents and said he was the sole occupant of the apartment and lived there since September 2022. He stated he was legally separated from his wife and have 5 kids, all of whom live in Germany. He admitted that there was CSAM on one of his devices, the black Lenovo laptop. He said he downloaded and viewed CSAM out of curiosity and did not intend to touch or harm a child.

### C. Forensic Examination of Kuttke's devices

HSI Computer Forensic Examiner (CFE) Ryan McCollum examined Kuttke's devices. The Lenovo Laptop was running a VM which had the majority of the CSAM. In total, Kuttke had approx. 3226 videos and images - 206 videos and 3020 images of CSAM.

The following are a sample of images and videos located on his computer.

1. File Name: 6252898938c16b149d80aca62d728eed  alena buratino girl man masturbation oral petting ra-07 thc vaginal.mkv

   Duration: 24:48
   Description: Prepubescent female orally copulating an adult male penis.
   Source: ubuntu-vm-snapshot-29Nov2023.tar\home\ubuntu\Downloads\cpack4_king_size\buratino\6252898938c16b149d80aca62d728eed  alena buratino girl man masturbation oral petting ra-07 thc vaginal.mkv

2. File Name: pthc Pedoland Frifam 2010 Licking Both Jess Maddy (Very Hot).avi.part

   Duration: 8:55
   Description - two prepubescent female girls engaged in oral sex with each other and use of a dildo on each other.
   Source: ubuntu-vm-snapshot-29Nov2023.tar\home\ubuntu\Downloads\1234156\pthc Pedoland Frifam 2010 Licking Both Jess Maddy (Very Hot).avi.part

3. File Name: (KINGPASS) NEW! 022 Asian - pthc ( tied 8yo Cambodian boom-boom girl fucked + raped by sex-tourist ) hussyfan.mpeg.part

   Duration: 10:00
   Description: Asian girl, bound legs and hands, being penetrated by an adult male.
   Source: ubuntu-vm-snapshot-29Nov2023.tar\home\ubuntu\Downloads\1234156\(KINGPASS) NEW! 022 Asian - pthc ( tied 8yo Cambodian boom-boom girl fucked + raped by sex-tourist ) hussyfan.mpeg.part

4. File Name: 0_4_y_o.avi.part

   Source: ubuntu-vm-snapshot-29Nov2023.tar\home\ubuntu\Downloads\хоум мейд\кач\другое\0_4_y_o.avi.part

Description: an approx. 6-8 month child strapped in a car seat where an adult male exposes his penis, adult male penis in her face touch her face. Pacifier in mouth.

5. File Name; 22ef9e8851d7eb939a605e07575fcb67  alena buratino cumshot girl man masturbation thc.mkv

Description: prepubescent female, sleeping, with an adult male rubbing penis on child' face.

## PROCEDURAL BACKGROUND

On November 7, 2024, the Defendant was charged by Indictment with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). He was allowed to remain out of custody and on bond.  On November 20, 2024, this Court set the jury trial for January 21, 2025.

## ARGUMENT

Each of the categories of evidence that the government seeks to exclude are irrelevant to the trial of the issues properly before the jury and are, accordingly, inadmissible under the Federal Rules of Evidence. In other words, the issues outlined above do not satisfy the most basic rule of evidence: Federal Rule of Evidence 402's requirement that proffered evidence must be relevant. As the Court knows, evidence is relevant only if it tends to "make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. In guiding this analysis, the Court should look at the elements of the charged offenses. Evidence that does not assist the jury in making a determination regarding the elements of the offenses should be excluded. As set forth more fully below, each of the categories of evidence at issue in this motion will not assist the jury as factfinder. Furthermore, even if the Court were to find that any of the categories of information addressed in this Motion were relevant, that

information may still properly be excluded if the dangers associated with its introduction outweigh any probity. As the Court knows, Rule 403 allows the exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Trial judges also have "wide latitude" to restrict cross-examination of witnesses for reasons beyond those outlined in Rule 403, including "concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). Relevant evidence should be excluded "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (quoting *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 006)). Excluding evidence that serves primarily to sway the jury's sympathies rather than to support the element-based determination properly in the province of the jury, should be excluded. As explained in further detail below, the evidence at issue in this motion, even if admissible, would primarily serve only these impermissible purposes.

**I.      Specific-Instance Character Evidence**

Regarding evidence of the Defendant's conduct, testimony as to instances of his good conduct would violate Federal Rule of Evidence 405(a), and the United States accordingly moves to preclude any such evidence. *See, e.g.*, *United States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988) (testimony of specific activities with March of Dimes inadmissible to show good character); *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987); *Government of Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985). Federal Rule of Evidence 404(a)(1) further states that evidence of a person's character is not admissible for the purpose of proving a person's actions on

a particular occasion except when evidence of a pertinent trait of character is offered by an accused or by the prosecution to rebut the same. Thus, a character witness may not offer specific instances of conduct by the Defendant that would tend to support the reputation of the Defendant. *See, e.g.*, *United States v. Giese*, 597 F.2d 1170, 1188–94 (9th Cir. 1979) (holding that character witnesses must restrict their direct testimony to appraisals of defendant's reputation); *United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989) ("While a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible." (internal citation omitted)). To the extent the Defendant intends to offer evidence of specific instances of his good conduct, such as specific evidence of non-criminal interactions with minors, the Defendant should be prohibited from introducing any such testimony.

## II.     Lack of Criminal History

The United States further moves to preclude the Defendant from introducing any evidence, making any statement, or asking any questions at trial regarding the Defendant's lack of prior criminal convictions or arrests. Such evidence is not relevant to the charges pending against him. It is axiomatic that the sole question for a jury in a criminal trial is whether the defendant engaged in the conduct charged in the indictment. For the same reasons that wholly unrelated prior acts of misconduct are excludable unless they fall within one of the exceptions to Federal Rule of Evidence 404(b), the Defendant's prior avoidance of charges for misconduct is not relevant. *See, e.g.*, *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions"); *United States v. Rosen*, No. 1:05cr225, 2005 WL 5925549, at *1 (E.D. Va. Nov. 5, 2005) (Ellis, J.) (finding "the absence of criminal conduct at certain times is not relevant to the existence of criminal conduct at other times."); *see also Grant*, 775 F.2d at 512 ("Indeed, testimony that one

has never been arrested is especially weak character evidence; a clever criminal, after all, may never be caught."). Moreover, any such evidence would divert the jury's focus away from the issues before it regarding the conduct charged and raise the danger of a verdict based on events other than those at issue in the indictment. Therefore, the Court should preclude the defense from arguing, or eliciting evidence regarding, the Defendant's lack of convictions or prior arrests.

### III.   References to the Defendant's Health

The United States also respectfully moves to preclude the Defendant from introducing any evidence, making any statement, or asking any questions regarding the Defendant's current physical or mental health, including, without limitation, current diseases, traumas, illnesses, attacks, and medical or psychological conditions. Though the Defendant's health at the time of the offenses may be relevant, information regarding the Defendant's current condition is irrelevant, and because it serves only to appeal to the sympathies of the jury, it would be highly prejudicial. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) (explaining that unfairly prejudicial evidence is evidence that has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" (quoting Advisory Committee's Notes on Fed. R. Evid. 403)). Accordingly, any evidence of the Defendant's current physical or mental state is not a proper concern for the jury. *See* Fed. R. Evid. 401, 402, and 403.

### IV.   Reference to Penalty or Punishment

Finally, the United States moves to prohibit the Defendant, his attorney, or any witness from making any comment or reference, whether direct or indirect, to the penalty or punishment in this case as to the charges the Defendant faces. If the Defendant were to testify, this motion also seeks to preclude any questioning by the Defendant's attorney regarding the Defendant's career or future plans, or immigration consequences, because this line of questioning could put the issue of

penalty in front of the jury. It is "well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (footnote and citation omitted). A jury's task is to "find the facts and decide whether, on those facts, the defendant is guilty of the crime charged," while a judge "imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* The Supreme Court has recognized that presenting jurors with information regarding the consequences of their verdict "invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Id.* Evidence or argument relating to a potential sentence, or any other punishment, is "irrelevant to the jury's task" of determining if the defendant is guilty of the crimes charged. *Id*; *see also Rogers v. United States*, 422 U.S. 35, 40 (1975) (stating that "the jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed."). Accordingly, the Defendant should be prohibited from making any comment or reference, whether direct or indirect, to the penalty or punishment in this case as to the charges the Defendant faces.

## V. The Court Should Exclude Witnesses During Trial

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. As such, the case agent's presence at trial is necessary to the United States. However, the United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615. The United States does not object to a defense investigator remaining in court.

## CONCLUSION

For the reasons stated above, the government respectfully requests the entry of an order prohibiting the Defendant from making any argument, soliciting any questions, or introducing any evidence regarding: (1) specific-instance character evidence regarding the Defendant, (2) the Defendant's lack of criminal history, (3) the Defendant's present health, (4) the potential penalty or punishment the Defendant will face if convicted, and (5) exclude witnesses from the courtroom.

                        Respectfully submitted,

                        Jessica D. Aber
                        United States Attorney

Date: December 12, 2024    By:    /s/
                                    Alessandra P. Serano
                                    Assistant United States Attorney

## CETIFICATE OF SERVICE

I certify that on December 12, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/
Alessandra P. Serano
Assistant United States Attorney