THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PETER MARKUS KUTTKE,<br><br>*Defendant*. | Case No. 1:24-cr-245-RDA |

**RESPONSE IN OPPOSITION TO**
**KUTTKE'S MOTION FOR A BILL OF PARTICULARS**

Defendant Peter Kuttke asks for a detailed pretrial disclosure of the United States' evidence above and beyond what has already been provided in discovery. Def. Kuttke's Motion for a Bill of Particulars, ECF No. 21. Instead of focusing on the formal and informal discovery provided by the United States, Kuttke seeks to outsource his investigation to the United States through compelled disclosure and further claims he is unclear as to what he is being charged with. Kuttke's assertion finds no support in statute or law. Because the Indictment contains a plain, concise statement of the allegations, and because the discovery supplements that statement with details, the Court should deny Kuttke's motion.

**Procedural Background**

On November 7, 2024, the Defendant was charged by Indictment with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). He was allowed to remain out of custody and on bond.   On November 20, 2024, this Court set the jury trial for January 21, 2025.

.

1

**Legal Standard**

The Federal Rules of Criminal Procedure require an indictment to contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(l). An indictment must allege each essential element of the offense along with some factual detail. *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979). These additional facts serve two narrow purposes: (1) to bar future prosecutions for the same offense; and (2) to allow a defendant to prepare a defense. *Id.*; *see also Wong Tai v. United States*, 273 U.S. 77, 82-83 (1927).

If an indictment omits an essential detail, a court can order the United States to file a bill of particulars. FED. R. CRIM. P. 7(f); *see also United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973). But courts should not allow a defendant to use a bill a particulars to compel a "detailed disclosure of the government's evidence prior to trial." *Wong Tai*, 273 U.S. at 82-83; *United States v. Automated Medical Laboratories, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) ("A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial"). Nor can they be used to compel the United States to reveal "the precise manner in which it will make its proof." *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 781 (E.D. Va. 2004) (citing *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir.1983) and *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir.1982)).

Furthermore, Courts should not allow a defendant to use a bill of particulars to gain "the benefits of the government's investigative efforts" by "compel[ling] disclosure of the government's legal theory prior to trial." *United States v. Miller*, No. 4:08-cr-147-JBF, 2009 WL 10676921, at *1 (E.D. Va. May 7, 2009) (citing *United States v. Stroop*, 121 F.R.D. 269, 272 (E.D.N.C. 1988)). This rule exists for good reason; requiring the United States to "describe in detail the manner in which the crime was committed," would impermissibly force the United

States to define "the perimeters of its case in advance of trial." *Stroop*, 121 F.R.D. at 272; *see also United States v. Manetti*, 323 F.Supp. 683, 695–96 (D. Del. 1971); *United States v. Feola*, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987). This goes against the purpose of Rule 7, which is to ensure "the indictment adequately details the charges." *United States v. Tsoa*, No. 1:13-cr-137-JCC, 2013 WL 3242700, at *3 (E.D. Va. June 25, 2013). It is not a means of obtaining generalized discovery. *See United States v. Valle*, No. 1:14-cr-135-LO, 2015 WL 4994502, at *7 (E.D. Va. Aug. 18, 2015).

The United States can provide sufficient detail through an indictment and through discovery. *Id.* at *4 (denying motion for bill of particulars because the sought information was included in the Indictment and provided in discovery). This includes formal as well as informal discovery. *See United States v. Martinovich*, No. 4:12-cr-101-RGD, 2012 WL 13173639, at *2 (E.D. Va. Dec. 21, 2012).

The decision to order a bill of particulars lies within the district court's discretion. *Wong Tai*, 273 U.S. at 82. Courts of appeal review a district court's decision to grant or deny a bill of particulars for abuse of discretion. *Id.*; *United States v. Bales*, 813 F.2d 1289, 1294 (4th Cir. 1987); *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir 1985).

**Argument**

### A.     *The Indictment Meets the Requirements of Fed. R. Crim. P. 7.*

The Indictment meets Rule 7's strictures.   It provides in relevant part, "… the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."   Fed. R. Crim. Proc. 7(c)(1).

The Indictment alleges one count of receipt of child pornography under 18 U.S.C. Sec. 2252(a)(2).   It has all the essential elements of the charged offense. And it provides more than

3

enough detail for Kuttke to understand the charges against him and prepare a defense. Rule 7 does not require more.

*United States v. Javits*, 2023 WL 2431717, *2-3 (S.D. Ohio 2023) is instructive here. Defendant there was charged with one child pornography count.   Defendant filed a similar motion for a bill of particulars as Kuttke does here.   The court stated:

> Defendant also maintains that the indictment lacks specificity regarding his conduct and the precise pornographic files the government intends to use as evidence. According to Defendant, this lack of specificity deprives him of notice of the charges brought against him. (Id.). However, neither the constitution nor the Federal Rules of Criminal Procedure require the specificity for which Defendant argues. Indictments must, of course, "fairly infor[m] a defendant of the charge against which he must defend." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007). However, "[a]n indictment need not list every particular of the offense." *United States v. Richard*, 775 F.3d 287, 292 (5th Cir. 2014). Instead, "[a]n indictment is generally deemed sufficient if it tracks the language of the statute. *United States v. Horton*, 580 F. App'x 380, 383 (6th Cir. 2014). The indictment in this case appears to do so, on all counts. This case is similar to *United States v. Fisk*. There, the district court found an indictment sufficient which charged the defendant with possessing "depictions of a minor engaging in sexually explicit conduct," but did not include more specifics as to the content of the images. *United States v. Fisk*, 255 F. Supp. 2d 694, 701 (E.D. Mich. 2003).
>
> As Defendant is not entitled to information regarding "the precise manner each charged crime is alleged to have been committed," the government need not identify each particular pornographic file to fulfill its notice requirements. *United States v. Foster*, 2022 WL 3348639, at *2 (N.D. Ohio August 12, 2022). And while there is one child pornography charge, it is apparent that Defendant is familiar with the photographs in the government's possession. In his December 16, 2022, Motion to Revoke, Defendant acknowledges receiving in discovery twenty-seven digital photographs of his alleged victims.   Defendant even describes some the photos. *Id.* Defendant has been "fairly inform[ed]... of the charge against which he must defend." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007). **As such, specific file names and descriptions in the indictment are not necessary to provide notice in this instance.** [emphasis added].

For the same reasons articulated above, this Court should deny Kuttke's motion for a bill of particulars.

### B.     The Discovery Provided in This Case Makes a Bill of Particulars Unnecessary

Even so, the United States has provided ample discovery in this case which eliminates the need for a bill of particulars. For instance, the United States has produced and made available the forensic report for the device which contains the thousands of images of child sexual abuse material (CSAM). This document shows, among other things, attribution data for the device as well as the manner in which Kuttke downloaded and viewed CSAM.   Additionally, the United States provided Kuttke's voluntary statement made at the time of the search warrant.   He freely admitted his curiosity about and knowledge of the CSAM saved on his computer and how he obtained it.

Beyond formal discovery productions, the United States has informally provided Kuttke many details of this case. Coupled with the formal discovery productions, this informal discovery makes a bill of particulars unnecessary. *See United States v. Society of Ind. Gasoline Marketers of America*, 624 F.2d 461, 466 (4th Cir. 1979) (recognizing adequacy of discovery in the context of antitrust violations); *Duncan*, 598 F.2d at 849 (holding that the defendant was not entitled to a bill of particulars where the government had opened its files for inspection); *United States v. Schembari*, 484 F.2d 931, 935 (4th Cir. 1973) (holding that by making entire file available to defense, prosecution obviated need for bill of particulars).

The discovery provided, however, is not so substantial that it obscures the alleged conduct. The size of discovery alone does not justify a bill of particulars. *United States v. Livingston*, No. 1:15-CR-201-LO, 2016 WL 743399, at *2 (E.D. Va. Feb. 23, 2016). This is especially true where, as here, the United States has already identified several videos downloaded by Kuttke that trigger various sentencing enhancements under the advisory guidelines. *Id*. The Court should not compel

5

the United States to further synthesize the evidentiary details of its case. This task properly belongs with Kuttke's counsel.

## Conclusion

For the foregoing reasons, the Court should deny Kuttke's Motion for a Bill of Particulars.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date:   December 27, 2024          By:          /s/
                                        Alessandra P. Serano
                                        *Assistant United States Attorney*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2024, I caused a copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

                                                /s/
                                Alessandra P. Serano
                                *Assistant United States Attorney*