IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.                                                    Case No. 1:24-cr-245-RDA

PETER MARKUS KUTTKE,

*Defendant*.

**UNITED STATES' MOTION TO REIMBURSE
<u>DEFENDANT'S FEDERAL PUBLIC DEFENDER</u>**

The United States of America, by and through undersigned counsel, respectfully moves

this Court to grant its Motion to Reimburse Defendant's Federal Public Defender for the reasons

set forth below.

**FACTUAL BACKGROUND**

The background for this case is accurately set forth in the PSR. *See* ECF No. 33.  The facts

relevant to this motion are located in the PSR ¶¶79-83 related to his assets. Because the PSR is

filed under seal, specifics will not be listed in this publicly filed motion, but will be referenced by

paragraph number.

**PROCEDURAL BACKGROUND**

On November 7, 2024, the Defendant was charged by Indictment with one count of receipt

of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). On November 14, 2024,

the Court appointed the Federal Public Defender (FPD) to represent him based upon a financial

affidavit defendant filed under penalty of perjury. *See* ECF No. 10.  The affidavit was filed under

seal and not disclosed to the Government.

1

On January 8, 2025, defendant pled guilty to the Indictment with the benefit of a plea agreement.  *See* ECF No. 28. His sentencing date is scheduled for April 9, 2025.

## ARGUMENT

### I.    Legal Framework

The CJA provides for legal representation when criminal defendants are charged with a felony and are financially unable to obtain their own adequate legal defense. *United States v. Gutierrez-Cruz,* 680 Fed. Appx. 203, 205 (4th Cir. 2017) (finding that defendant should repay costs for counsel with this ownership interest in two real properties); 18 U.S.C. § 3006A(a). The CJA protects the Sixth Amendment right of indigent defendants to counsel. *See United States v. Parker*, 439 F.3d 81, 90–91 (2d Cir. 2006).  But "CJA funds are a necessarily limited resource." *Id*. at 109. As stewards of CJA resources, courts must ensure that these public funds are reserved for defendants who do not have the assets or income to afford adequate legal representation. *See id.* Therefore, to qualify for court-appointed counsel under the CJA, a "defendant bears the burden of proving that he lacks the [financial] means to retain counsel." *United States v. Ductan*, 800 F.3d 642, 652 n.5 (4th Cir. 2015) (citing *United States v. Davis*, 958 F.2d 47, 48 (4th Cir. 1992)); *United States v. Ellsworth*, 547 F.2d 1096, 1098 (9th Cir. 1976).[1] In addition, "[i]f at any time after the appointment of counsel the ... court finds that the person is financially able to

---

[1] This burden is most typically carried by submission of an accurate and complete financial affidavit that demonstrates a defendant's inability to afford privately retained counsel. On the other hand, regardless of the submission of a financial affidavit, if a defendant's ability to afford counsel has been questioned, he carries the burden of coming forward with evidence sufficient to rebut the government's showing that he may possess the ability to afford counsel. *United States v. Harris*, 707 F.2d 653, 661 (2d Cir. 1983). *See e.g., United States v. Binder*, 794 F.2d 1195, 1201 (7th Cir. 1986) (upholding denial of appointment where defendant's financial affidavit showed limited assets and significant debts, but government presented evidence that Defendant owned significant quantities of gold and silver).

2

obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment ... as the interests of justice may dictate." 18 U.S.C. § 3006A(c). Under subsection (f) of the Act,

> [w]henever . . . the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid . . . to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section. § 3006A(f).

If a court determines that a defendant is financially able to pay, but his assets are illiquid at present, the court should "clearly advise[ ] [the defendant] that he has the right to counsel at the government's immediate expense." *Gutierrez-Cruz*, at 205; *United States v. Johnson*, 659 F.2d 415, 418 (4th Cir. 1981). The court may then order reimbursement. 18 U.S.C. § 3006A(f).

To issue a reimbursement order, a court must find "that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees." *Moore*, 666 F.3d at 322. A fund or asset is "available to" the defendant if it is "readily identifiable" and not based on speculation. *Id.* at 323. Availability is a "fact-specific analysis" and "may be based on identified funds and assets ... [that] will not become liquid until a future date." *Id.* at 324.

## II.    The Court Should Order the Defendant to Reimburse the Public for the Cost of Court Appointed Counsel

In the instant case, defendant possesses sufficient assets to retain counsel. Prior to his arrest in this case, he had retained counsel (Marc Petrovich) but later opted to seek court-appointed counsel at his initial appearance with the filing of the sealed financial affidavit.

Since the financial affidavit, submitted after Defendant's arrest, is sealed, it is unknown to the United States what is contained in the financial affidavit. However, as a result of the

information contained in the affidavit, this Court appointed counsel at no cost to Defendant. That representation has been ongoing since November 11, 2024.

Now, the United States has learned via the PSR, that Defendant has significant assets to pay the cost of his counsel.  He has significant liquid cash available to him in his bank accounts (PSR ¶79), owns property valued at several hundred thousands of dollars in Germany (*Id.*), is on paid administrative leave with a salary of close to $10,000 USD per month (PSR ¶ 77), as well as a retirement plan with an unknown amount located in Germany.  PSR ¶81.  At the very least, Defendant has access to funds to reimburse the public fisc for his attorney's fees and costs associated with prosecution.

The Court may consider a wide variety of sources in determining whether a defendant is financially able to pay for counsel. *See, e.g., United States v. Kahan*, 415 U.S. 239, 243 (1974) (inquiry includes money deposited in "Totten trusts" for defendant's children); *United States v. Schmitz*, 525 F.2d 793, 794 (9th Cir. 1975) (inquiry includes transfers in a defendant's trusts); *Souder v. McGuire*, 516 F.2d 820, 821 (3d Cir. 1975) (money sent by mother of applicant); *United States v. Cohen*, 419 F.2d 1124, 1126 (8th Cir. 1969) (inquiry includes interest in real estate).

Nor can Defendant take any solace from the fact that some of his assets may not be in the form of cash. Simply because a defendant's assets may be illiquid does not mean those assets should not be considered in assessing the defendant's financial state. Indeed, the defendant should be required to liquidate his assets to supply money for him to retain counsel. See, e.g., *United States v. Simmers*, 911 F. Supp. 483 (D. Kan. 1995) ($100,000 in equity defendant held in his home was sufficient to deny appointment of counsel; defendant could sell home or borrow against the equity).

In appointing FPD, the Court apparently did so based upon the information in the financial affidavit. However, if new information becomes available, the Court should review and supervise a defendant's financial status to protect and preserve the public fisc. *See United States v. Birrell*, 470 F.2d 113, 115 n.1 (2d Cir. 1972) (explaining that "[18 U.S.C.] § 3006A(c), (f) indicates that the court is under a continuing obligation to supervise appointments already made to insure that they reflect current financial status").

As the Second Circuit noted in *Birrell*, two statutory provisions provide for reimbursement if funds become available to pay for counsel. 18 U.S.C. § 3006A(c) allows the Court to terminate the appointment of counsel or authorize repayment if it finds that a defendant is financially able to obtain counsel or to make partial payment. 18 U.S.C.A. § 3006A(f) provides for repayment if the Court determines "that funds are available for payment from or on behalf of a person furnished representation." In the present case, the government requests that the Court review the financial information in the PSR as provided by the Defendant and order repayment for public funds expended to date (either all of partial depending on the Court's evaluation), in an amount equal to the costs to the FPD spent (using a CJA hourly rate for ease) for assisting Defendant with the case.

The United States does not oppose a repayment schedule as opposed to repayment in a lump sum.

## III.    The Court Should Order the Production of the Financial Affidavit

While giving the United States access to a defendant's financial affidavit before trial may raise Fifth and Sixth Amendment concerns[2], at the very least, post-sentencing the United States

---

[2] Even such constitutional concerns, it should be noted, do not require that a financial affidavit

should be permitted to review the defendant's financial affidavit to evaluate whether to pursue a recoupment proceeding or perjury prosecution for any misstatements in the affidavit. *See United States v. Venator*, 568 F. Supp. 832 (N.D.N.Y. 1983) (giving government access to financial affidavit following conviction). *See also Birrell*, 470 F.2d at 114-15 (defendant subject to perjury charges for false statements in financial affidavits submitted to obtain appointment of counsel).

In the present case, there is no information to support the argument that disclosure of his financial affidavit could have information that could affect the current case. In fact, Defendant is not charged with any fraud on the United States; instead Defendant pled guilty to receipt of child pornography. In the absence of an articulable explanation for how the revelation of the affidavit could affect his constitutional rights, the Court should disclose the affidavit to the United States to advance the inquiries into reimbursement and perjury, or at least review the affidavit to determine if there are discrepancies in the financial assets Defendant possesses.

---

be filed *ex parte*, or that any inquiry of the defendant be conducted in a sealed *in camera* proceeding. *See Harris*, 707 F.2d at 662 (rejecting a defendant's argument for a sealed *ex parte* hearing, reasoning that "since Congress obviously knew how to provide for an *ex parte* proceeding when it seemed appropriate, the failure to do so in the context of appointment of counsel seems significant. Moreover, our legal system is rooted in the idea that facts are best determined in adversary proceedings; secret, *ex parte* hearings 'are manifestly conceptually incompatible with our system of criminal jurisprudence'") (citation omitted).

**CONCLUSION**

For the reasons set forth above, the United States requests that this Court (1) order

production of Defendant's financial affidavit, and (2) order the repayment of court appointment

fees and costs to the public.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:     /s/
Alessandra P. Serano
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel.: (703) 299-3700
Alessandra.Serano@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2025, I caused a copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.


_____/s/_____
Alessandra P. Serano
*Assistant United States Attorney*