| | | |
|---|---|---|
| Judge: Alston | **SENTENCING** | Date: 4/9/2025 |
| Reporter: T. Harris | | Time: 1:22 to 2:22 |

| | | | |
|---|---|---|---|
| Cr. # | 1:24-cr-00245 | AUSA: | Nadia Prinz, Jonathan Keim |
| U.S. v. | Peter Markus Kuttke | Defense: | Brooke Rupert |

The Court finds the guidelines to be properly assessed at a range of 97 to 121 months.

Considering the factors under § 3553, the Court finds that the following sentence is appropriate.

**Sentence Imposed:**

   78        Months imprisonment

   10        Years supervised release

**Conditions of Supervised Release:**

1) As a condition of supervised release, upon completion of the defendant's term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official of the Department of Homeland Security United States Immigration and Customs Enforcement for a deportation review in accordance with established procedures provided by the Immigration and Nationality Act, 8 U.S.C. 1101 et seq. As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States.
2) If not paid in full by the time the defendant is released from custody, any remaining balance on the restitution shall be paid in equal monthly payments of $200, to commence within 60 days of release, until paid in full.
3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.
4) The defendant shall provide the probation officer access to any requested financial information.
5) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.
6) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment, and follow the rules and regulations of that program. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.
7) The defendant shall submit to periodic polygraph testing at the discretion of the probation officer to ensure compliance with the requirements of the defendant's supervision and/or treatment program. The costs of the testing are to be paid by the defendant, as directed by the probation officer.
8) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

9) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit their person, property, house, residence vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

10) The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256) involving a juvenile, including any photograph, film, video, picture, or computer or computer- generated image or picture, whether made or produced by electronic, mechanical, or other means.

11) The defendant shall not have any intentional contact with any child under the age of 18, unless accompanied by a responsible adult who is aware of the defendant's conviction and supervision status and who has been approved in advance by the Court or probation officer. Intentional contact includes, but is not limited to, physical contact, verbal communication, written communication and/or electronic communication such as email. The defendant is not prohibited from having incidental contact with children under 18, which includes but is not limited to routine interactions in public places such as grocery stores, department stores, restaurants, et cetera, but under no circumstances shall defendant have any unapproved physical contact with a minor. The defendant is prohibited from going to, congregating or loitering within 100 yards of schoolyards, playgrounds, child- care facilities or other locations where an adult would have no legitimate interest or business unless accompanying a child. The defendant is also prohibited from working in such locations.

12) The defendant must submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. He must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that he violated a condition of his supervision and that areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

13) The defendant shall disclose to the probation office all computers as defined in 18 U.S.C. § 1030(e)(1), and similar devices that provide access to the Internet, that the defendant owns, possesses, or uses. The defendant shall not possess or use any computer or similar device, which includes use of computers at work, unless the defendant cooperates with the probation office's computer monitoring program or receives permission from the probation office. The defendant shall permit random, unannounced inspections on any unmonitored computer or similar device under the defendant's control to ensure compliance. The defendant shall not use the Internet to communicate with any individual or group who promotes sexual abuse of children.

14) The defendant shall not use marijuana or cannabis in any form.

15) The defendant shall comply with the requirements of the computer monitoring program as administered by the probation office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of the monitoring shall be paid by the defendant.

- To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use

these computers that the computers may be subject to searches pursuant to this condition.
- The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use. The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.
- To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

**Monetary penalties:**

$5,000 special assessment imposed pursuant to 18 U.S.C. § 3014(a) due and payable immediately. Any remaining balance shall be paid in equal monthly payments of at least $200, to commence within 60 days after release from imprisonment, until paid in full.
$4,000 special assessment imposed pursuant to 18 U.S.C. § 2259A, due and payable immediately. Any remaining balance shall be paid in equal monthly payments of at least $200, to commence within 60 days after release from imprisonment, until paid in full.
$100 special assessment imposed pursuant to 18 U.S.C. § 3013, due and payable immediately.

Partial Restitution Order entered in open court; Restitution Hearing set for Wednesday, 6/25/2025 @ 11:00. (Set for 6/26 at sentencing – moved to 6/25/2025 per RDA's chambers)

Consent Order of Forfeiture entered and filed in open court.


Defendant to voluntarily surrender to the USMS on Wednesday, April 23, 2025 no later than 3:00 p.m.