AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Eastern District of Virginia |
|---|---|
| Name (under which you were convicted): KUTTKE, PETER MARKUS | Docket or Case No.: 1:24-cr-245 |
| Place of Confinement: FCI Coleman Low, Coleman, Florida 33521 | Prisoner No.: 46751-511 |
| UNITED STATES OF AMERICA V. | Movant (include name under which convicted) Peter Markus Kuttke |

FILED MAILROOM NOV - 5 2025 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court, Eastern District of Virginia
   Alexandria Division

   (b) Criminal docket or case number (if you know): 1:24-CR-245-001

2. (a) Date of the judgment of conviction (if you know): ____________

   (b) Date of sentencing: May 21, 2025

3. Length of sentence: 78 Months

4. Nature of crime (all counts):

   18 U.S.C. 2252(a)(2),(b)(1) Receipt of Child Pornography

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   ./.

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☐ No ☐

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes [X] No [ ]

9. If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals for the Fourth District

(b) Docket or case number (if you know): Case No. 25-4297

(c) Result: pending

(d) Date of result (if you know): ./.

(e) Citation to the case (if you know):

(f) Grounds raised:

Appeal against Reimbursement Order for services rendered by the Federal Public Defender. Order was imposed without factual grounds and imposes an unnecessary harsh and vindictive burden.

Specific details are unknown to me because appeal was filed without further counsel by Defense Attorney.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes [ ] No [X]

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes [ ] No [X]

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: ______

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______

(2) Docket of case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective Counsel pre-Change of Plea Hearing, pre-Sentencing

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see separate attachment for details raised in Ground One.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [x]

(2) If you did not raise this issue in your direct appeal, explain why:

Barred by a Plea of Guilt.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [X]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [X]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective Assistance of Counsel post Sentencing, Failure to Appeal, Failure to verify restitution

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

-Please see separate attachment for details raised in Ground Two.

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [X]

(2) If you did not raise this issue in your direct appeal, explain why:

Barred by a Plea of Guilt.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [X]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** Prosecutorial Misconduct, Tainted Indictment, Misrepresenting Evidence, Baseless and unfair Motions

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see separate attachment for details raised in Ground Three.

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [x]

(2) If you did not raise this issue in your direct appeal, explain why:

In part barred by Plea of Guilt and strategy of Defense Counsel. In part by lack of knowledge about criminal procedure and its requirements. In part lack of resources out of incarceration.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [x]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [x]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ] No [ ]

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** --/--

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

--/--

**(b) Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Even if formally incorrect, please construe the grounds in this motion and its attachments as grounds for a review of this case. There may be additional Grounds obvious to the trained and experienced eye. Please include them.

______

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes [X] No [ ]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

Please see points (8.) and (9.) of this motion.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

-/-

(b) At the arraignment and plea:

Office of the Federal Public Defender, Alexandria, Va. 1650 King Street

(c) At the trial:

./.

(d) At sentencing:

Office of the Federal Public Defender, Alexandria, Va. 1650 King St. Ste.500

(e) On appeal:

Office of the Federal Public Defender, Alexandria, (later withdrawn)

(f) In any post-conviction proceeding:

./.

(g) On appeal from any ruling against you in a post-conviction proceeding:

./.

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes [ ] No [X]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [X]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: ______

(c) Give the length of the other sentence: ______

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [ ] No [ ]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Review, Vacate, set aside, appeal of conviction or sentntence, or resentencing.

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 10/23/2025.
(month, date, year)

Executed (signed) on 10/23/2025 (date)

[signature]
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

**Ground One:** Ineffective Assistance of Counsel for failing to establish defendants fully informed decisions, protecting constitutional rights, verifying discovery, and producing exculpatory evidence during the pretrail phase

Despite multiple, repeated attempts at the initial consultation and subsequent meetings with counsel, I failed to deliver the fact, that I lacked actual knowledge of the nature of the received content and intent to posess, receive, or distribute illegal material.
I established this factual statement already during my interrogation in the Mobile Police Station.
However, it is difficult for me to determine if counsels actions led to prejudice or the nature of the offense caused counsels prejudiced actions. Even if counsels conduct may have fallen within the wide range of professional conduct, I would not have entered a plea of guilt and a different outcome, actual innocence, would be probable.

**Supporting Facts:** 1. Counsel failed to fully explain the nature of the offense, the prongs, and the burdens of proof for the Government. Especially in the light of Dillingham (320 F. Supp. 3d 809; 1:17-cr-184-AJT) these ommissions to inform seem significant to the outcome of my case. Additionally, counsel misrepresented the rules for Multiplicity and Duplicity of my offense by alleging that every file may be charged separately. This significantly distorted my decisions. Knowledge about the requirements and rules for the Government would have made my decisions more informed and different.

2. Counsel failed to explain and consult about the nature and scope of the in the Plea of Guilt waived rights, the constitutional protections they provide, the function and waiver of the Preliminary Hearing, waived direct and especially indirect rights, and the function of Collateral Attacks and the waiver thereof.
Questions, if certain rights can be maintained and if further remedies are available kept unanswered. I gained my knowledge mainly from Google and Wikipedia.
In the light of all shortcuts, omissions, and errors, informed decisions were impossible. My insecurities and questions during the Change of Plea Hearing demonstrate this lack in confidence.

3. Counsel failed to explain and consult that despite a Plea of Guilt certain constitutional rights stay intact, inter alia protections against violations of constitutional rights, ineffective assistance of counsel, and prosecutorial misconduct. No strategy but to plea guilty has been mentioned and developed. My Plea of Guilt was not fully informed, knowing, and intelligent and somewhat done blindly.

4. Counsel failed to verify the Discovery and the Statement of Facts. This led to the misrepresentation of the rules of Multiplicity and Duplicity in criminal cases which unfairly influenced my decisions. I had no chance to verify the validity of the Discovery myself. The presented documents were inconsistent and incomplete, crucial attachments were missing, withheld or suppressed. Due to the nature of the setup, the used software, and further circumstances,

presented information about content and quantity of the identified media files is significantly incorrect and the Discovery and the Statement of Facts misrepresents the evidence. Crucial elements of the evidence, inter alia installed additional software, specific configurations, and selections kept unmentioned. The not disclosed attachments and the missing information deprived me from identifying and arguing errors in the Governments theory.
In an attempt to fortify my argument, I asked and authorized counsel to retain own forensic expert witness. Despite counsels confirmation having an expert contacted, and my multiple inquiries, I received no information or feedback about the data investigated, preliminary or final findings, conclusions, or any indication at all that an expert commenced producing evidence.
In conclusion, exculpatory evidence in support of my statements and narrative was neither mentioned in the Discovery produced by the Government, nor was it produced by own expert witness.
Without exculpatory evidence and support by counsel and in the light of the requested penalties, and the mitigation thereof, I had no realistic alternative but to plea guilty.

5. Counsel failed to explain and consult about Pretrial Motions and their procedural functions. On a side note, I learned via telephone, that the Government had filed two Motions in Limine and that in response defense counsel filed two motions. The motions by the Government tried to suppress character witness en blanc, and the disclosure of possible penalties and further consequences. These Motions appeared to be more of an attack on me and myself as a person than they were related to the case and the offense I was charged with. This move by the Government seemed arbitrary and to be another attempt to preemptively determine and ensure the outcome of the trail and the case. The Motions in defense, inter alia to Suppress Evidence, seemed without further interpretation and consultation, futile and without merit.
In addition to the perceived shame and stigma, these developments led to my acceptance of the Governments theories without further contest and I entered a Plea of Guilt.

• **Ground Two:** Ineffective Assistance of Counsel Post Sentencing, Failure to Appeal, Failure to consult about Appeal, Failure to verify Restitution Orders

Despite, compared to the by the Government demanded punishment, otherwise favorable outcome of the sentence, previous errors and omissions have led to unvoluntarily waived rights, not mitigated and corrected by counsels decisions. Initial prejudice and the Governments conduct and unexpected Motions have narrowed down counsels otherwise wide range options. The actions of the defense counsel became a work of rescue to prevent a more disastrous outcome.

**Supporting Facts:** 1. Counsel failed to consult about Appeal. At sentencing, I was surprised, that the judge granted certain, conditional rights to appeal. My previous understanding was, that by signing a Plea of Guilt, I waived all constitutional rights. I asked counsel what it meant, that I needed clarification and consultation, and that I wished to appeal. Counsel agreed that the courtroom is not the right place and that we postpone it to a separate meeting. This meeting, an active consultation, where I could address all my concerns and objections took never place. Out of jail, I reached out to counsel via telephone, and subsequently wrote a letter, addressing all major concerns I had during the proceedings and with the sentence. Due to my containment and the deprived ressources, it probably was outside of the statue of limitations for an direct appeal. Because of this untimeliness for an appeal and to have the sentence checked for procedural and constitutional violations and errors, I file this Motion for Relief under 28 U.S.C. §2255.

2. Without further consultation, counsel filed an appeal against the Reimbursement Order for the services rendered by the Office of the Federal Public Defender. Although I sustain this Motion, it was filed in anticipation of my wishes, not without self-interest by the Office of the Federal Public Defender, and without my prior knowledge. I received the information about the weeks later on a side note during a video consultation in jail. Details are unknown to me.
I suppose that by the unexpected Motion to Reimburse the Office of the Federal Public Defender, filed by the Government, the Office of the Federal Public Defender found itself in dire straits and in an conflict of interest. The Motion to Withdraw as Counsel is the only logical consequence and left me, intentionally, without legal representation.
The Reimbursement Order and the conflict of interest was unforeseeable, as well as the fact that the court had not, or may not have approved payment for other actions like own expert witness, jury trial, or direct appeal.

3. Counsel failed to verify requested reimbursement. Although counsel successfully negotiated individualized and realistic amounts of money for restitution with the lawyers of the Named Victims, she failed to verify, if the offense and the evidence actually support restitution. This goes hand-in-hand with my claim in Ground One, that the discovery misrepresents the evidence and that exculpatory, or at least mitigating findings were never produced.

**Ground Three:** Prosecutorial Misconduct, tainted indictment, misrepresenting evidence, baseless and unfair Motions

**Supporting Facts:** 1. The scope of the approximation of the time of the offense in the indictment was unreasonable broad. It never was amended or otherwise coreccted. Even if time is not an direct element of the crime, sex offenses and crimes under 18 U.S.C. Chapter 110 are inherently prejudiced. A broad scope of time, like the 9 years in the indictment, alleges knowledge and propensity. Propensity, however, distorts the perception of truth and innocence. Human Nature dictates proneness to such distortions and jurors, lawyers, and even judges are not free of it.
In support of her vague indictment, Assistant U.S. Attorney Parisi Serano makes the wrongful, false and misleading statement "that the software had been installed at this time" at the arraignment hearing.
Even if the vagueness of the indictment alone did not render it constitutional the indictment in conjunction with the statement made, prejudiced the decisions of the judge (even though she realized it early on while reasoning), the defense attorney, and myself.
With a different, evidence based indictment and conduct of the Assistant U.S. Attorney, my decisions and the decisions of the defense attorney would have been different and the outcome of the case would have been different. The outcome of the case has been influenced unfairly.

2. Even though I disclosed my finances and the financial constraints and obligations I had, the Government filed a Motion to reimburse the Office of the Public Federal Defender. At the time of my decision to apply for a Federal Public Defender, I did not know about the Terms and Conditions of such an appointment, especially the financial requirements and the scope of actions and services such an appointment permits. All this however, was well known to the Government, including my temporary assignment in the U.S. and my already planned and scheduled return to my family.
Even the Office of the Federal Public Defender seemed to be surprised and unprepared about this Motion and ultimately the court order. The Direct Appeal and the Motion to Withdraw are the only logical responses, even though both filed without my prior knowledge and to my surprise.
If I had known about the reimbursement order, the requirements to meet, or the likeliness of imposition, my decisions would have been different and the proceedings, authorized actions, and the outcome would differ.
The conduct of the Assistant U.S. Attorney seems like a preemptive vindictive prosecution to mitigate defenses actions by imposing unfair and unknown rules and overwhelm the decision-making process by asserting another layer of complexity.

3. The Discovery misleadingly represented the evidence, crucial elements were missing and kept unmentioned like the used software environment, settings, configurations, capabilities. An rough estimate with the in the Discovery stated numbers of media would exceed the designated and configured storage space by multiples. Numbers in the Discovery and in the Indictment differ without explanation. It is not verifiable if Named Victims, series correspond with actual found and verified media. Inconsistencies make the Discovery inconclusive.

4. My claims of prosecutorial misconduct and preemptive vindictive prosecution are not fully unsubstantiated. The acting prosecutor has a publically well documented history of distorting perception and manufacturing realities even up to the levels of the Senate Judiciary Committee in the confirmation hearing for the then nominee for Supreme Court Ketanji Brown Jackson. Also her affiliations with Tim Ballard and the events around Operation Underground Railroad are well reported in the news. Magazines like The Atlantic and Vice News published articles about it back in 2022. Clear attempts to captivate audiences were observable. In disbelive, I followed the developments, never assuming to get once involved in this topic too.
The involvement and testimony of the Assistant U.S. Attorney show that her convictions and opinions are not free of those biases. Her decisions and actions in my case demonstrate prejudice, quick judgement, and a lack of fairness and objectivity. I lack knowledge and experience in this theatre to establish sound claims, yet the strategy and the errors made, leave a strange aftertaste behind. Of course, this is my perception, which is not free from its own bias, but false statements in the indictment in conjunction with the oral statements allege acts of deliberateness or recklessness rather than mistake or lack of diligence. Missing facts in the Discovery shaped the narrative of propensity and habit rather than focus on relevance and reality.

Primarily, I file this motion to disperse my concerns and objections and to have the proceedings reviewed for constitutional or procedural errors, or actions were law was pushed to its limits, were proof of scienter or knowledge was substituted by prejudice and coercion.

I was barred from Direct Appeal due to procedural requirements from my Plea of Guilt and defense counsels strategy. Except for the Order to Reimburse the Office of the Federal Public Defender, the claims by the Guvernment kept uncontested and unverified. Supporting facts for my claims about errors and coercion are documented in Court Records.

I wish not to withdraw my Plea of Guilt, since the sentence is somewhat lenient, rather than a review of the case, originating in my conviction to have plead guilty to a far more sinister offense than committed in reality.

# IN FORMA PAUPERIS DECLARATION

United States District Court for the Eastern District of Virginia

[Insert appropriate court]

United States
v.
(Movant)

Peter Markus Kuttke

DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, Peter Kuttke, declare that I am the movant in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? Yes [ ] No [X]

a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer.

b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received. May, 27, 2025, 6.000.- Euro

2. Have you received within the past twelve months any money from any of the following sources?

a. Business, profession or form of self-employment? Yes [ ] No [X]

b. Rent payments, interest or dividends? Yes [ ] No [X]

c. Pensions, annuities or life insurance payments? Yes [ ] No [X]

d. Gifts or inheritances? Yes [ ] No [X]

e. Any other sources? Yes [ ] No [X]

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

3. Do you own cash, or do you have money in checking or savings account?

Yes [X] No [ ] (Include any funds in prison accounts.) 75,000.00 Euro in checking

If the answer is "yes," state the total value of the items owned.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? 150,000.- Euro in residential property, currently occupied by Ex-wife and minor children 1/2 of property.

Yes [X] No [ ]

If the answer is "yes," describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

Heidi + Joseph Kuttke, children, 1000 Euro, 70.000.-Euro lump sum by court order, currently unknown.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 10/22/25 (date) [signature] Signature of Movant

## CERTIFICATE

I hereby certify that the movant herein has the sum of $ ______ on account to his credit at the __________ institution where he is confined. I further certify that movant likewise has the following securities to his credit according to the records of said __________ institution:

__________
Authorized Officer of Institution